Lajqi v. Lynch

BIA
Cheng, IJ
A093 343 124

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand sixteen.

PRESENT:
      DENNIS JACOBS,
      ROSEMARY S. POOLER,
      SUSAN L. CARNEY,
         *Circuit Judges.*

_____

FLAKRON LAJQI, AKA FLJAKRON LAJAJCI, AKA FLAKORN LAJCI,
     *Petitioner,*

      v.                  13-2548
                              NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:      Gregory G. Marotta, Vernon, New Jersey.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Francis Fraser, Senior Litigation Counsel; Kate D. Balaban, Trial Attorney; Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Flakron Lajqi, a native of Yugoslavia and a citizen of Serbia and Kosovo, seeks review of a May 31, 2013, decision of the BIA affirming the February 3, 2012, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Flakron Lajqi*, No. A093 343 124 (B.I.A. May 31, 2013), *aff'g* No. A093 343 124 (Immig. Ct. N.Y. City Feb. 3, 2012). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented.

Under the circumstances of this case, we review the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Lajqi's, which are governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008).

The agency's adverse credibility finding is supported by substantial evidence. As the IJ correctly noted, Lajqi's testimony was both internally inconsistent and inconsistent with his asylum application. *See Xiu Xia Lin*, 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "*any* inconsistency or omission"). For example, Lajqi's testimony regarding his alleged January 2008 beating by members of a rival political faction conflicted with his description of the incident in his asylum application, and was internally inconsistent. The inconsistencies related to when the attack occurred, whether he suffered any physical harm, and what his assailants said to him during the alleged attack. The IJ considered and

3

rejected his explanations that he was "confused," "stressed," and "emotional." Even if these explanations are plausible, they did not have to be credited by the agency. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also appropriately based her decision in part on Lajqi's demeanor during the hearing. 8 U.S.C. § 1158(b)(1)(B)(iii). This Court grants "particular deference" in reviewing an agency's demeanor findings. *Shue Wen Sun v. BIA*, 510 F.3d 377, 380-81 (2d Cir. 2007)(internal quotation marks omitted); *see also Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006).

Because the only evidence of a threat to Lajqi's life or freedom depended upon his credibility, the adverse credibility determination necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4